IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRED RUNYON,

    Plaintiff

VS.

MICHAEL CARLSON,                :    NO. 5:05-cv-254(DF)

    Defendant                  :    **O R D E R**

Plaintiff **FRED RUNYON**, an inmate at Phillips State Prison in Buford, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). For purposes of dismissal only, the Court will permit plaintiff to proceed *in forma pauperis*.

*I. STANDARD OF REVIEW*

    *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff names Assistant District Attorney Michael Carlson as his sole defendant. Plaintiff, however, alleges no specific facts as to the actions of Carlson. Instead, plaintiff's allegations generally concern events surrounding his arrest and prosecution in Richmond County, Georgia.

Initially, the Court notes that it appears that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) reads in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

The Court notes that Carlson is employed, and all of the events in the complaint were alleged to have occurred, in Richmond County. Richmond County is located in the Southern District of Georgia., not the Middle District of Georgia. 28 U.S.C. § 90(c)(1).

Title 28 U.S.C. § 1406(a) provides that if jurisdiction is not proper in a court, that court may

transfer the case to another court in which jurisdiction would be proper, but only if the transfer is in the interest of justice. This Court sees no point in transferring plaintiff's case, however, inasmuch as plaintiff has failed to state a claim on which relief may be granted. Plaintiff does not provide the Court with any indication as to how Carlson might have violated any of plaintiff's federal constitutional or statutory rights. Additionally, it appears that Carlson is entitled to the protection of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from liability when engaged in initiating a prosecution or presenting the state's case). Moreover, plaintiff's complaint would be subject to dismissal as plaintiff has accumulated more than "three strikes" under 28 U.S.C. §1915(g).[1]

## IV. CONCLUSION

Accordingly, the instant action is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this ___ day of September, 2005.

DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

DF/cr

---

[1] A review of court records on the U.S. Party/Case Index indicates that plaintiff has previously brought at least five actions while a prisoner that were dismissed under the "three strikes" provision of section 1915(g): *Runyon v. Pressley*, 1:05-cv-1840-RWS (N.D. Ga. July 28, 2005); *Runyon v. Pressley*, 1:05-cv-1841-RWS (N.D. Ga. July 28, 2005); *Runyon v. Craig*, 1:05-cv-1842-RWS (N.D. Ga. July 28, 2005); *Runyon v. Toole*, 1:05-cv-1843-RWS (N.D. Ga. July 28, 2005); and *Runyon v. Barnes*, 1:05-cv-1844-RWS (N.D. Ga. July 28, 2005).